UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS G. REYES, CDCR #AX-7349,<br><br>                              Plaintiff,<br><br>vs.<br><br>M. ALONZO, Lieutenant;<br>D. BAILEY, Chief Disciplinary Officer;<br>RAYMOND MADDEN, Warden,<br><br>                              Defendants. | Case No.: 3:21-cv-02134-LAB-MSB<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

Carlos G. Reyes ("Reyes" or "Plaintiff") currently incarcerated at Centinela State Prison ("CEN") located in Imperial, California has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.

Plaintiff has not paid the filing fees required by 28 U.S.C. § 1914(a), but instead has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

## I. IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a prison certificate authorized by a CEN Accountant Specialist, together with a copy of his Inmate Trust Account

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Activity. *See* ECF No. 4, 6; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. This statement shows that Plaintiff had an average monthly balance of $159.61, and average monthly deposits of $72.50 to his account over the 6-month period immediately preceding the filing of his Complaint, as well as an available balance of $34.90 at the time of filing. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2), and assesses his initial partial filing fee to be $31.92 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Court will direct the Secretary for the CDCR, or their designee, to collect this initial fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(1).

**II.    Screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A.    <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford*

*Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 556 U.S. 544, 570 (2007)); *Wilhelm*, 680 F.3d at 1121.

"Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

B.  <u>Plaintiff's Allegations</u>

On June 27, 2019, Reyes was housed in a cell at CEN with inmate Bryan Orozco ("Orozco"). *See* Compl. at ¶ 8. On that day, CEN officials "conducted a mass cell search" and all prisoners were "removed from their assigned cells and placed elsewhere" before the officials began the searches. *Id.* at ¶ 9. Correctional Officer Avila conducted the search of Reyes and Orozco's cell and prepared a Rules Violation Report ("RVR") documenting the finding of a "silver Samsung Galaxy" cellphone inside a "box of Top Ramen noodles which had a false bottom to conceal the cellphone." *Id.* at ¶ 10. Reyes argues that the Top Ramen noodles could not have belonged to him because he was indigent at the time and these food items were only available through purchase at the

canteen. *See id.* at ¶¶ 11-12.

When Reyes and Orzoco returned to their cell, Avila told them of his discovery of the cellphone and "Orozco immediately informed [Avila] that the cellphone belonged to him and that he had not informed Plaintiff that he had obtained and was keeping a hidden cellphone." *Id.* at ¶ 13. At Orzoco's discplinary hearing, he "pled guilty to sole possession and ownership of the cellphone in question" and stated that Reyes "had no knowledge of the phone." *Id.* at ¶ 14.

Reyes' disciplinary hearing was conducted by Senior Hearing Officer ("SHO") Alonzo on July 5, 2019. *See id.* at ¶ 18. Plaintiff pled not guilty and "asserted that he was without the requisite knowledge" of the cellphone "discovered hidden within Orozoco's exclusive property." *Id.* However, Alonzo purportedly applied the "constructive knowledge" standard and found Reyes guilty of the charges. *See id.* at ¶¶ 27, 32. Reyes was assessed a "90-day loss of conduct credit and loss of specified privileges." *Id.* at ¶ 32.

As Chief Disciplinary Office ("CDO"). Defendant Bailey conducted a "review" of Defendant Alonzo's "disciplinary methods and actions." *Id.* at ¶ 37. However, Bailey failed to "reverse [Alonzo's] disciplinary action and dismiss the charges or order a rehearing." *Id.* at ¶ 38. Instead, Bailey "affirm[ed] the finding of guilt and sanctioning the forfeiture of 90-days conduct credit and specified loss of privileges." *Id.* at ¶ 40. Defendant Madden, as CEN Warden, "reviewed [Alonzo's] disciplinary actions" when he responded to Plaintiff's administrative grievance at the Second Level of review. *Id.* at ¶ 44.

Plaintiff seeks declaratory and injunctive relief, along with $250,000 in compensatory damages against each named Defendant. *Id.* at ¶ 9-10.

C.  <u>42 U.S.C. § 1983</u>

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace*, Inc., 698 F.3d 1128, 1138 (9th Cir. 2012); *see also Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020) ("Pursuant to § 1983, a defendant may be liable for violating a

plaintiff's constitutional rights only if the defendant committed the alleged deprivation while acting under color of state law.").

### D. Fourteenth Amendment Due Process Claims

Plaintiff alleges that all Defendants deprived him of due process when they found him guilty following his disciplinary hearing and assessing him loss of credits and privileges . *See* Compl. at ¶¶ 8 – 52.

The Fourteenth Amendment provides that "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564-571 (1974)). "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken." *Id.* These procedural protections, however, "adhere only when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Although the level of the hardship must be determined on a case-by-case basis, and "[i]n *Sandin's* wake the Courts of Appeals have not reached consistent conclusions for identifying the baseline from which to measure what is atypical and significant in any

particular prison system," *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005), courts in the Ninth Circuit look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87); *see also Chappell v. Mandeville*, 706 F.3d 1052, 1064-65 (9th Cir. 2013). Only if the prisoner alleges facts sufficient to show a protected liberty interest must courts next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez*, 334 F.3d at 860.

Plaintiff's due process claims require sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) because he fails to allege facts sufficient to show that the deprivations he suffered as a result of his disciplinary conviction, *i.e.*, 90 days of lost good time credit and "specified loss" of privileges, *see* Compl. at ¶ 40, imposed the type of "atypical and significant hardships" required by *Sandin* to invoke liberty interests entitled to *Wolff's* procedural safeguards. *Sandin,* 515 U.S. at 484; *see e.g., Salinas v. Montgomery*, No. 3:19-cv-0744-AJB-RBB, 2019 WL 2191349, at *5 (S.D. Cal. May 21, 2019) (finding allegations that inmate was "assessed a good-time credit loss of 90 days" insufficient to show atypical and significant hardship).

Moreover, even if Plaintiff *had* alleged facts sufficient to invoke a protected liberty interest under *Sandin*, he still fails to plead facts to plausibly show he was denied the procedural protections the Due Process Clause requires. *See Iqbal*, 556 U.S. at 678; *Ramirez,* 334 F.3d at 860 (citations omitted); *see also Brown v. Oregon Dep't of Corr.*, 751 F.3d 983, 987 (9th Cir. 2014). Those procedures include: (1) written notice of the charges at least 24 hours before the disciplinary hearing; (2) a written statement by the fact-finder of the evidence relied on and reasons for the disciplinary action; (3) the right to call witnesses and present documentary evidence if doing so will not jeopardize institutional safety or correctional goals; (4) the right to appear before an impartial body; and (5)

assistance from fellow inmates or prison staff in complex cases. *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974); *Serrano v. Francis*, 345 F.3d 1071, 1079-80 (9th Cir. 2003). Plaintiff does not allege facts to show that he was deprived of any of the procedures found in *Wolff*.

Accordingly, the Court finds that Plaintiff's Complaint fails to state a due process claim as to any Defendant; therefore, his Fourteenth Amendment claims are subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

E.   Personal Liability

Plaintiff also claims Warden Madden is liable for due process violations because he was "made aware of and condoned" Defendants' actions when he denied his grievance at the Second Level of Review.  Compl. at ¶ 44 & Ex. 6 at 46-49, Second Level Appeal Response Log. No. CEN-C-19-01430.)

But simply "'[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation.'" *Ellington v. Clark*, 2010 WL 3001427, at *2 (E.D. Cal. Jul. 29, 2010) (quoting *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)). And a prison official's allegedly improper processing of grievances or appeals, without more, does not provide an independent basis for section 1983 liability. *See Ramirez*, 334 F.3d at 860 (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Davis v. Penzone*, 2017 WL 8792541, at *5 (D. Ariz. July 25, 2017) (prison administrators and other supervisors are not per se liable for an alleged violation of a prisoner's federal constitutional rights simply by failing to grant his "grievances or grievance appeals."). Thus, because Plaintiff alleges Defendant Madden's only involvement was his failure to intervene or correct the alleged due process violations, he fails to state a claim against him as well. *See* 28 U.S.C. § 1915(e)(2); § 1915A(b); *Iqbal*, 556 U.S. at 677 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); *Moreno v. Ryan*, 2017 WL 2214703, at *3 (D. Ariz. May 19, 2017) (failure to intervene on the

prisoner's behalf to remedy the allegedly unconstitutional underlying behavior does not by itself amount to an independent or freestanding constitutional violation for purposes of § 1983).

### III. Conclusion

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $31.92 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b); and

5. **GRANTS** Plaintiff 45 days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted, if he can. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter

a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

The Clerk of Court is directed to mail Plaintiff a court approved civil rights complaint form for his use in amending.

**IT IS SO ORDERED**.

Dated: March 1, 2022

*[signature]*

Hon. Larry Alan Burns
United States District Judge