UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS G. REYES,<br>CDCR #AX-7349,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>M. ALONZO, Lieutenant;<br>D. BAILEY, Chief Disciplinary Officer;<br>RAYMOND MADDEN, Warden;<br>A. AVILA, ISU Officer,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:21-cv-02134-LAB-MSB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)**<br>**[Dkt. 11]** |

On June 27, 2022, Plaintiff Carlos G. Reyes ("Reyes") filed a First Amended Complaint ("FAC") against Defendants Warden Madden, Officers Bailey and Avila, and Lieutenant Alonzo. (Dkt. 11). For the reasons discussed herein, the FAC is **DISMISSED WITHOUT LEAVE TO AMEND**.

**I.　PROCEDURAL HISTORY**

On December 27, 2021, Reyes, currently incarcerated at Centinela State Prison ("CEN"), which is located in Imperial, California, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. 1, Complaint ("Compl.")). He also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (Dkt. 2).

In his original Complaint, Reyes alleged that CEN prison officials deprived him of due process under the Fourteenth Amendment when they found him guilty of constructively possessing a cellphone following his disciplinary hearing and assessed him loss of credits and privileges. (Compl. ¶¶ 8–52).

On March 2, 2022, the Court conducted the required *sua sponte* screening and dismissed Reyes's Complaint for failing to state a Fourteenth Amendment due process claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). (Dkt. 6 at 6–10). Reyes was granted leave to file an amended pleading in order to correct the pleading deficiencies identified in the Court's Order. (*Id.* at 9–10). Reyes later sought additional time to comply with the Court's Order, which the Court granted him. (Dkt. 7–10). On June 27, 2022, Reyes filed his FAC. (Dkt. 11, FAC).

## II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)

### A. Standard of Review

As the Court previously informed Reyes, his FAC requires a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) because he is a prisoner and is proceeding IFP. Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, if it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v.*

1  *Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to
2  § 1915A "incorporates the familiar standard applied in the context of failure to state
3  a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a
4  complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to
5  relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)
6  (quoting *Bell Atlantic Corp. v. Twombly*, 556 U.S. 544, 570 (2007)); *Wilhelm*, 680
7  F.3d at 1121.

8  "Courts must consider the complaint in its entirety," including "documents
9  incorporated into the complaint by reference" to be part of the pleading when
10 determining whether the plaintiff has stated a claim upon which relief may be
11 granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007);
12 *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see
13 also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a
14 pleading is a part of the pleading for all purposes.").

15        **B. Reyes's Allegations**

16 On June 27, 2019, Reyes was housed at CEN with another inmate, Bryan
17 Orozco, in the "C-Facility." (FAC ¶ 9). On that date, officials "conducted a massive
18 cell search." (*Id.* ¶ 15). Reyes and his cellmate were removed from their cell, which
19 was a "matter of routine," and were not present during the search. (*Id.*).

20 Defendant Avila ("Avila") conducted the search of Reyes's cell. (*Id.* ¶ 16).
21 Avila claimed to have discovered a cellphone during the search, hidden in a "box
22 of Top Ramen noodles which had a false bottom." (*Id.*). Avila concluded that the
23 cellphone belonged to Reyes and issued a Rules Violation Report ("RVR"),
24 claiming Reyes "had knowledge of the contraband in his cell and attempted to
25 conceal it from correctional staff." (*Id.* at ¶ 17).

26 When Avila informed Reyes and his cellmate about the discovery of the
27 cellphone, his cellmate "immediately informed [Avila] that the cellphone belonged
28

to him and that he had not informed Plaintiff that he had obtained and was keeping a hidden cellphone." (*Id.* ¶ 20).

Avila told them that "he personally did not believe that Plaintiff was unaware of the cellphone." (*Id.* ¶ 21). He further informed them that Warden Madden had a policy that "calls for prosecuting and punishing prisoners aware of cellphones for failing to 'speak up' or otherwise 'proactively' assist in ridding the prison of cellphones." (*Id.*).

Reyes claims Avila "charged Plaintiff with a disciplinary offense for the purpose of retaliation and for the purpose of facilitating [Madden's] retaliation policy." (*Id.* ¶ 23). However, Reyes's cellmate pled guilty to possession of a cellphone and stated that Reyes "had no knowledge of the phone." (*Id.* ¶ 24). When a cellphone is not discovered on the person themselves but rather located in an unoccupied cell, the prisoner is charged with "constructive possession." (*Id.* ¶ 27).

Reyes had a disciplinary hearing on July 5, 2019. (*Id.* ¶ 28). Defendant Alonzo ("Alonzo") was the Senior Hearing Officer ("SHO"). (*Id.*). Reyes pled not guilty and maintained that he knew nothing about his cellmate having possession of a cellphone. (*Id.*). He claims Alonzo "deliberately conducted the disciplinary hearing utilizing an unauthorized standard(s) review." (*Id.* ¶ 30). Reyes contends "Alonzo did not put any effort toward determining whether or not the evidence actually established that [Reyes] had control" of the cellphone that had been concealed in the cell. (*Id.* ¶ 39). As a result of the guilty finding, Reyes was assessed a ninety (90) day "loss of conduct credit" and a one year loss of family visiting privileges. (*Id.* ¶ 44).

Defendant Bailey ("Bailey), as the Chief Disciplinary Officer, is required to review all "disciplinary methods and actions." (*Id.* ¶ 49). On June 25, 2019, Bailey conducted the review of Alonzo's "disciplinary method and actions" as it pertained to Reyes's disciplinary hearing. (*Id.* ¶ 51). Bailey did not reverse Alonzo's guilty finding, dismiss the charges, or order a rehearing. (*Id.* ¶ 52). Bailey affirmed

Alonzo's finding of guilt and loss of privileges. (*Id.*). Reyes alleges Madden, as the Warden for CEN, was "made aware of and condoned Defendants' Alonzo and Bailey's application of the unauthorized standard of review." (*Id.* ¶ 59).

Reyes brings twenty-three First Amendment retaliation claims against the named Defendants. (*Id.* ¶¶ 78–101). He seeks injunctive and declaratory relief, $50,000 in compensatory damages against each Defendant, and $200,000 in punitive damages. (*Id.* ¶¶ 103–20).

### C. 42 U.S.C. § 1983

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace*, Inc., 698 F.3d 1128, 1138 (9th Cir. 2012); *see also Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020) ("Pursuant to § 1983, a defendant may be liable for violating a plaintiff's constitutional rights only if the defendant committed the alleged deprivation while acting under color of state law.").

### D. First Amendment Retaliation Claims

Reyes alleges that all the actions taken by Defendants in charging him with constructive possession of a cellphone, as well as the decision to find him guilty of the charge resulting in a loss of credits and privileges, violated his First Amendment right to be free from retaliation. He claims Warden Madden was "tired of what he described as the problem of cellphones in prison." (*Id.* ¶12). As a result, Warden Madden implemented a policy that Reyes believes is retaliatory. (*Id.*). Specifically, Warden Madden instructed prison staff to "see to it that prisoners believed to be aware of the existence and location of cellphones were charged and punished for failing to reveal to prison officials the existence and location of those cellphones." (*Id.*).

"Prisoners have a First Amendment right to file grievances against prison

officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

Reyes has failed to allege that he engaged in any "protected conduct" required for a finding that Defendants' response was retaliatory. *Id.* He doesn't allege that he filed any grievances or complaints about this cellphone policy. His own allegations indicate that he was charged with "constructive possession" of a cellphone because of prison officials' stated policy of eliminating cellphones in the prison, and not due to any complaints or grievances submitted by him. The FAC does not plausibly allege any Defendant acted in retaliation for Reyes engaging in protected conduct. Rather, Reyes merely sets forth conclusory allegations that Defendants acted with a retaliatory motive. *See Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (concluding that, in the absence of factual allegations to the contrary, it would be "sheer speculation" to assume that prison officials retaliated on the basis of an inmate's First Amendment activity).

Reyes has failed to allege a First Amendment retaliation claim upon which relief may be granted.

### E. Fourteenth Amendment Due Process Claims

Although Reyes doesn't specifically state whether he is bringing Fourteenth Amendment due process claims against any of the named Defendants, many of his allegations and arguments suggest he is alleging that his due process rights were violated when he was subjected to a disciplinary hearing and found guilty. The allegations and arguments relating to Fourteenth Amendment due process

claims that Reyes raises in his FAC are identical to those contained in his original Complaint, which the Court already found deficient in its March 2, 2022 Order. (*See* Dkt. 6).

The Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564–71 (1974)). "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken." *Id.* These procedural protections, however, "adhere only when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Although the level of the hardship must be determined on a case-by-case basis, and "[i]n *Sandin's* wake the Courts of Appeals have not reached consistent conclusions for identifying the baseline from which to measure what is atypical and significant in any particular prison system," *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005), courts in the Ninth Circuit look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486–87); *see also Chappell v. Mandeville*, 706 F.3d 1052, 1064-65 (9th Cir. 2013). Only if the prisoner alleges facts sufficient to show a protected liberty interest must courts next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez*, 334 F.3d at 860.

Reyes's due process claims require sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) because he fails to allege facts sufficient to show that the deprivations he suffered as a result of his disciplinary conviction, *i.e.*, 90 days of lost good time credit and loss of family visiting privileges for one year, (FAC ¶ 44), imposed the type of "atypical and significant hardships" required by *Sandin* to invoke liberty interests entitled to *Wolff's* procedural safeguards. *Sandin,* 515 U.S. at 484; *see e.g., Salinas v. Montgomery*, No. 3:19-cv-0744-AJB-RBB, 2019 WL 2191349, at *5 (S.D. Cal. May 21, 2019) (finding allegations that inmate was "assessed a good-time credit loss of 90 days" insufficient to show atypical and significant hardship); *Hernandez v. Cate,* 918 F. Supp. 2d 987, 1010 (C.D. Cal. Jan. 18, 2013) ("The denial of [family visitation] is not atypical and significant hardship and does not give rise to a protected liberty interest.").

Moreover, even if Reyes *had* alleged facts sufficient to invoke a protected liberty interest under *Sandin*, he still fails to plead facts to plausibly show he was denied the procedural protections the Due Process Clause requires. *See Iqbal*, 556 U.S. at 678; *Ramirez,* 334 F.3d at 860 (citations omitted); *see also Brown v. Oregon Dep't of Corr.,* 751 F.3d 983, 987 (9th Cir. 2014). Those procedures

include: (1) written notice of the charges at least 24 hours before the disciplinary hearing; (2) a written statement by the fact-finder of the evidence relied on and reasons for the disciplinary action; (3) the right to call witnesses and present documentary evidence if doing so will not jeopardize institutional safety or correctional goals; (4) the right to appear before an impartial body; and (5) assistance from fellow inmates or prison staff in complex cases. *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974); *Serrano v. Francis*, 345 F.3d 1071, 1079-80 (9th Cir. 2003). Reyes doesn't allege facts to show that he was deprived of any of the procedures found in *Wolff.* His claims that Alonzo "unlawfully" used a "standard of review" is not an element found in *Wolff*.

Accordingly, the Court finds that Reyes's FAC fails to state a Fourteenth Amendment due process claim as to any Defendant.

### F. Leave to Amend

Because Reyes has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend those claims to no avail, the Court finds granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad.") (internal quotation marks omitted) (second alteration in original)).

### III. CONCLUSION

Good cause appearing, the Court:

1) **DISMISSES** this civil action **WITHOUT FURTHER LEAVE TO AMEND** for failure to state a claim upon which § 1983 relief can be granted

1 | pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b); and

2 |     2)    **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and
3 | close the file.

4 | **IT IS SO ORDERED**.

5 | Dated: July 19, 2022

*Larry A. Burns*

Hon. Larry Alan Burns
United States District Judge